# Commonwealth *v.* Pastor et al., Appellants.

*Securities Act—Dealer—Foreign corporation—Officers selling stock of their own company without commissions or profit—Act of June 14, 1923, P. L. 779.*

1. The officers of a foreign corporation are not liable to indictment under the Act of June 14, 1923, P. L. 779, for selling in Pennsylvania the stock of their own company, where they receive no commissions or profit from such sales.

2. Neither such officers nor their company are dealers within the meaning of the act.

3. A corporation selling its own securities is not engaged in a transaction inherently for profit.

4. The fact that the Act of 1923 expressly excludes domestic corporations engaged in selling in good faith their own stock from the class of dealers, does not necessarily imply that foreign corporations or their officers are included in the category of dealers.

Argued January 31, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 174, Jan. T., 1927, by defendants, from judgment of Superior Court, Oct. T., 1926, No. 207, reversing order of Q. S. Phila. Co., Feb. T., 1926, No. 390, quashing indictment, in case of Commonwealth v. Herman L. Pastor et al. Reversed.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

Order of quarter sessions quashing indictment reversed. Defendant appealed.

*Error assigned* was judgment of Superior Court, quoting it.

*Morris Wolf,* with him *Sidney H. Mandel,* for appellants.—The only question involved is whether the corporation itself was obliged to register as a dealer in order that its officers might sell to an outsider some of its unissued stock.

No corporation can go into business unless there are people to buy its stock, and, according to the Commonwealth, every sale of its stock by a foreign corporation, makes that corporation a dealer in securities.

A dealer, under the act, includes every company, not covered by some exception in the act itself, who "engages for profit" in selling securities.

Words and phrases, the meaning of which in a statute has been ascertained, when used in a subsequent statute, are presumptively to be understood in the same sense; Hedrick v. Harrisburg, 278 Pa. 274.

A dealer, in the popular, and therefore in the statutory, sense of the word, is not one who buys to keep, or makes to sell, but one who buys to sell again. He stands intermediately between the producer and the consumer: Com. v. Lowry-Rodgers Co., 279 Pa. 361; Com. v. Harrisburg etc. Co., 284 Pa. 175.

To be a dealer within the Securities Act, a company must engage for profit in selling stock: Norris Bros. v. Com., 27 Pa. 494.

Of course it will be understood that we take the position that the sale of unissued stock by a foreign corporation, as charged in the indictment, is not even within the language of the Securities Act: Chadwick v. Collins, 26 Pa. 138; Meyer v. Wiest, 250 Pa. 573.

*Wm. Y. C. Anderson,* Deputy Attorney General, with him *John H. Maurer,* Assistant District Attorney, *Charles E. Fox,* District Attorney, and *George W. Woodruff,* Attorney General.

OPINION BY MR. JUSTICE SCHAFFER, March 14, 1927:

Appellants, officers of a Delaware corporation, were indicted under the Act of June 14, 1923, P. L. 779 (the Securities Act) for an assumed violation of its provisions made a misdemeanor punishable by fine or imprisonment by the terms of the statute. The indictment charged them as officers of a corporation known as the American College of Chiropractic, Incorporated, with having unlawfully solicited subscriptions to and orders for and offered for sale and sold to a person named certain shares of the capital stock of the corporation without being registered with the Commissioner of Banking as dealers in securities and without having had issued to them a certificate authorizing them to engage in business in Pennsylvania as dealers in securities and without the corporation being registered as such dealer or having had issued to it a certificate authorizing it to engage in business within this state as a dealer in securities. The indictment averred that the act complained of was in violation of the statute but did not allege that either the defendants or the corporation were dealers in securities. Defendants moved to quash the indictment, which motion was granted by the court of quarter sessions on the ground that not charging the defendants with being dealers it did not allege an indictable offense. The Superior Court reversed this action, holding that "a foreign corporation which seeks to sell and dispose of its stock within this State and in doing so sells or offers for sale or solicits subscriptions to or orders for, its capital stock, is a dealer within the definition of section 2 of the act" and that "The language of the definition is broad enough to cover a corporation dealing in its own securities." With this construction of the statute we are unable to agree.

The statute is entitled "An act for the registration and regulation of certain individuals and entities selling, offering for sale or delivery, soliciting subscriptions to or orders for, or undertaking to dispose of, inviting

offers for or inquiries about, *or dealing* in any manner in securities defined herein; conferring powers and imposing duties on the commissioner of banking, and otherwise providing for the administration of this act; prescribing penalties; and making an appropriation." The central idea of this is the "dealing" in securities. The act provides that "The term 'dealer' shall include every person or company, other than a salesman, *who engages for profit* in this State, either for all or part of his time, directly or through an agent, in selling, offering for sale or delivery, or soliciting subscriptions to, or orders for, or undertaking to dispose of, or to invite offers for or inquiries about, or dealing in any manner in, any security or securities within this State." As before stated, the indictment does not allege that defendants were dealers or that they were engaged for profit in selling the securities which they disposed of, indeed the fact that they were selling the securities of their own corporation negatives such conclusion. The Superior Court held that a corporation selling its own securities was engaged in a transaction inherently for profit. We are unable to follow this thought. The sale of its capital stock by the officers of a corporation is not a transaction for profit in the ordinary acceptation of that term either to the officers or the corporation. Thereby the corporation acquires its capital and realizes no profit from the payment into its treasury of the sum represented by the capital stock issued therefor. It would also seem that paragraph 3 of section 2. (c) of the act negatives the idea that the sale of a corporation's own stock by its officers is within reach of the statute. It is there provided, "In an isolated transaction in which any security is sold......by the owner thereof or by his representative or agent for the owner's account; such sale ......not being made in the course of repeated and successive transactions of a like character,......" the seller shall not be deemed a dealer. While strictly speaking a corporation may not be the "owner" of its own unissued

capital stock, its relation thereto is certainly very closely related to ownership. While it is true paragraph 8 of section 2 provides that a sale "Wherein the issuer, a company organized under the laws of this State, disposes of its own securities in good faith......for the sole account of the issuer" does not constitute such company a dealer, this is far from saying that such a disposition of its own securities by a company organized in another state makes a dealer of it and its officers making the sale criminals. Crimes cannot be created in any such left-handed way. The Superior Court in reaching its conclusion gave undue weight to this exception of domestic corporations from the category of dealers.

A careful study of the entire act, having in mind the mischiefs it was designed to correct, leads us to the conclusion that it is dealers who engage in the sale of securities for profit who are comprehended in its terms, not corporate officers such as defendants are averred to be, disposing of the corporation's own capital stock. This is the view we took of the act when we were called upon to pass upon its constitutionality in Bagley v. Cameron, 282 Pa. 84, in that connection saying (p. 90) "no one *who deals in securities as a business* would be so misled by this title as to think his case not covered by the act." We further observed (p. 91), "While the legislative enactments of some states,......attempt to control the financing of corporations, our act is intended to regulate the registration of stock and bond *dealers and salesmen rather than the issuance of securities.*"

The order of the Superior Court reversing the order of the court of quarter sessions is reversed and the order of the latter quashing the indictment is reinstated and affirmed at the cost of appellee.